UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TIFFANY T. SMITH,  )
706 STONE LION DRIVE  )
DURHAM, NC 27703  )
  )
      Plaintiff,  )  Case No. _____
  )
v.  )
  )
UNUM LIFE INS. CO.  )
  OF AMERICA,  )
P.O. BOX 9548  )
PORTLAND, MD 04104-5058  )
  )
      Defendant.  )

## COMPLAINT

Tiffany T. Smith ("Plaintiff"), brings this action against Unum Life Insurance Company of America ("Unum" or "Defendant"), under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et. seq.* She seeks appropriate remedies as a result of Defendant's wrongful denial of long term disability benefits.

**I.    Parties**

1.  Plaintiff is an adult citizen of the United States and resides in Durham, North Carolina.

2.  Unum is incorporated under the laws of the state of Maine, and is authorized to transact and is transacting business in the District of Columbia.

**II.   Jurisdiction and Venue**

3.  This Court has jurisdiction pursuant to 29 U.S.C. § 1132(e) and (f) and 28 U.S.C. § 1331.

4. Venue in this Court is proper because the alleged breaches occurred in this District, and the Defendant may be found in this District, per ERISA § 502(e)(2).

**III.  Facts**

6. Plaintiff was employed as an associate attorney by Akin Gump Strauss Hauer & Feld LLP ("Akin Gump") in Washington, D.C., commencing on or around September 14, 2009.

7. Plaintiff became covered under a long-term disability insurance plan (the "LTD Plan") effective September 14, 2009.

8. The LTD Plan was purchased from, and underwritten by, Unum. Unum also made all decisions to pay or deny benefits under the LTD Plan.

9. Plaintiff suffered from trigeminal neuralgia and took a medical leave of absence relating to that condition commencing on or around July 17, 2010, and lasting through March 2011.

10. In connection with her leave of absence, Plaintiff filed a claim for benefits under the LTD Plan, which Defendant denied in February 2011. Defendant determined that, because Plaintiff had received treatment for her medical condition in the months prior to the effective date of her coverage under the LTD Plan, her condition was an excluded preexisting condition.

11. On or around April 1, 2011, Plaintiff returned to her position of associate attorney at Akin Gump.

12. Upon her return, Plaintiff performed all of the regular duties of her position, which consisted primarily of legal research and writing. Akin Gump accommodated Plaintiff's medical condition by permitting her to work a modified schedule. Specifically, she worked four days a week instead of five. As a consequence, her salary was reduced by twenty percent (20%).

13.  On or about October 18, 2011, Plaintiff, again suffering from a disabling condition that rendered her unable to work, commenced a second medical leave of absence pursuant to the Family and Medical Leave Act (FMLA).  After Plaintiff's FMLA leave was exhausted, Akin Gump provided her with additional time off from work until January 2012, when her employment was terminated.

14.  In February 2012, following her separation from Akin Gump, Plaintiff filed a second claim for benefits under the LTD Plan.

15.  In a decision dated October 30, 2012, Unum denied Plaintiff's claim.  Unum determined that, because Plaintiff was unable to work "full time" following her return to work in April 2011, she remained continually "disabled" since July 19, 2010.

16.  Unum further determined that, because she was not working "full time," Plaintiff was not performing the "material and substantial duties" of her regular occupation.  Thus, because Plaintiff experienced a twenty-percent reduction in pay following her return to work, Unum concluded that she was "disabled" under the terms of the Plan.

17.  Given that Unum had previously found her medical condition to be preexisting, Plaintiff was deemed ineligible for benefits.

18.  On or about May 10, 2013, Plaintiff filed an administrative appeal of Unum's denial of benefits.

19.  On June 4, 2013, Unum denied Plaintiff's appeal.

20.  The terms of the LTD Plan provide that a covered employee is "disabled" when they are limited by sickness or injury from performing the "material and substantial duties" of their "regular occupation," provided that such limitation results in a loss of earnings of twenty

percent (20%) or more. The term "regular occupation" is based on the occupation as it is normally performed in the regular economy.

21. The LTD Plan goes on to define the term "material and substantial" duties as those duties that "are normally required for the performance of [the] regular occupation; and cannot be reasonably omitted or modified."

22. Contrary to Unum's decision, Plaintiff performed the "material and substantial duties" of an associate attorney following her return to work on April 1, 2011.

23. Plaintiff worked more than the minimum hours required for coverage under the Plan and performed the regular duties of an associate attorney on the four days she was in the office each week. Accordingly, she was performing the "material and substantial duties of her position" as defined under the LTD Plan.

24. Given that Plaintiff regularly performed the material and substantial duties of her occupation after her return to work in April 2011, she should not have been deemed to have been "disabled" during that period. Unum's determination to the contrary was erroneous.

**Count I—Claim for Benefits—ERISA § 502(a)(1)(B)**

25. The preceding paragraphs are incorporated by reference as though fully stated here.

26. ERISA § 502(a)(1)(B) provides that a civil action may be brought by a participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

27. Plaintiff is entitled to benefits under the LTD Plan.

28. Defendant denied benefits to which Plaintiff is entitled under the LTD Plan.

29.     The decision to deny benefits was incorrect, arbitrary and capricious, and not supported by substantial evidence.

30.     Plaintiff prays for a judicial determination to recover benefits under the LTD Plan, enforce her rights under the LTD Plan, and to clarify her rights to future benefits under the LTD Plan.

31.     Plaintiff also seeks prejudgment interest (per ERISA § 502(a)(3)), costs, and attorneys fees, pursuant to ERISA § 502(g).

## IV.     Relief Requested

WHEREFORE, Plaintiff prays that this Court:

(a)     Grant judgment in her favor and against Defendant;

(b)     Order that Defendant pay all benefits due under the LTD Plan from the date of disability in October 2011 to the date of judgment, including interest thereon;

(c)     Declare the Plaintiff's right to continuing LTD benefits under the terms of the LTD Plan;

(d)     Order that Defendant pay the costs of suit, including Plaintiff's attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and

(e)     Award all such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues properly triable before a jury.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | PARGAMENT & HALLOWELL, PLLC |
| July 2, 2015 | /s/ Jeffrey J. Pargament<br>Jeffrey J. Pargament, Esq., D.C. Bar No. 412620<br>jpargament@pandhlaw.com<br>Frank C. Gulin, D.C. Bar No. 440797<br>fgulin@pandhlaw.com<br>1776 K Street, N.W., Suite 825<br>Washington, DC  20006<br>(202) 775-0707 (telephone)<br>(202) 775-0733 (facsimile)<br><br>Attorneys for Plaintiff |